# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00263-MR-WCM

| | |
|---|---|
| ANDY-OXY CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MESSER, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 4]; the Magistrate Judge's Memorandum and Recommendation [Doc. 10] regarding the disposition of the Motion to Dismiss; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 11].

**I.   PROCEDURAL BACKGROUND**

On August 14, 2019, Andy-Oxy Co., Inc. (the "Plaintiff") filed this action in the Buncombe County Superior Court seeking a declaratory judgment regarding the enforceability of an early termination provision. [Doc. 1 at 4]. On September 17, 2019, Messer, LLC, (the "Defendant") filed a Notice of Removal to this Court. [Id. at 1-3]. On September 23, 2019, the Defendant

filed a Motion to Dismiss, claiming that the early termination provision was unenforceable.  [Doc. 4].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.  On March 6, 2020, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendant's Motion to Dismiss be denied.  [Doc. 10]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.  The Defendant timely filed its Objections on March 20, 2020.  [Doc. 11].  The Plaintiff filed a response on March 30, 2020. [Doc. 12].

## II.  STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for

the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Defendant presents one objection to the Memorandum and Recommendation: "The Complaint does not contain sufficient allegations to overcome the unenforceability of the undisputed unsigned Handwritten Note on the Agreement." [Doc. 11 at 4].

What the Defendant asserts is fatally absent from the Complaint are specific allegations of the particular inferences that arise from what the Plaintiff has set forth in the Complaint. Such specificity, however, is not required by our modern pleading rules. The Plaintiff's argument, while ostensibly resting upon Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), in facts harkens back to the manner of pleading of a century ago. The Plaintiff's attempt to extend Twombly beyond its borders is rejected.

While the Plaintiff may not be able to present evidence to sustain the allegations and inferences that arise therefrom, that is not an issue presently before the Court. At this early stage, the Plaintiff's allegations are sufficient to survive a Motion to Dismiss.

After careful consideration of the Memorandum and Recommendation and the Defendant's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Motion to Dismiss be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Memorandum and Recommendation [Doc. 11] are **OVERRULED**; the Memorandum and Recommendation [Doc. 10] is **ACCEPTED**; and the Defendant's Motion to Dismiss [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 10, 2020

Martin Reidinger
United States District Judge